CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 2 6 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALAN BEAVER WAY, 37282-037, A.K.A. ALAN LAVERTE WAY, Petitioner, | Civil Action No. 7:07-cv-00355 |
| v. | **MEMORANDUM OPINION** |
| WARDEN TERRY O'BRIEN, Respondent. | By: Hon. Glen E. Conrad United States District Judge |

Petitioner Alan Beaver Way[1], a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. Petitioner claims his conviction in the United States District Court for the District of Maryland was unconstitutional.[2] Upon review of the petition, the court concludes that petitioner has failed to demonstrate entitlement to relief under §2241.

As the court has already noted, petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit, and the Court of Appeals affirmed his conviction on July 14, 2004. On September 13, 2005, in the United States District Court for the District of Maryland, petitioner filed a motion, which was construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. That case was closed on December 2, 2005. See Case No. 8:05-cv-03136.[3] On

---

[1] The records in petitioner's criminal case and his previous petition pursuant to 28 U.S.C. §2255 indicate that petitioner is also known as Alan Laverte Way.

[2] Way was sentenced to a term of imprisonment for 360 months, consecutive to other federal sentences, pursuant to his conviction of the following offenses: conspiring to murder (18 U.S.C. § 1117 (2000)), attempt to kill an officer of the United States government (18 U.S.C. § 1114 (2000)), and solicitation to commit a crime of violence (18 U.S.C. § 373 (2000)). See Criminal Case No. 8:02-cr-00210 (D. Md. October 20, 2003), affirmed by unpublished opinion in United States v. Way, 103 Fed. Appx. 716, 717 (4th Cir. Case No. 03-4845, July 14, 2004).

[3] The order dismissing Case No. 8:05-cv-03136 states that the case was opened "in error," that there were no matters pending in Criminal Case No. 8:02-cr-00210, and that petitioner had a §2255 petition pending in another criminal matter, Criminal Case No. 8:02-cr-00048. That pending habeas petition, Civil Action No. 8:03-cv-00553, was dismissed by memorandum opinion and order on March 30, 2006. In its memorandum opinion, the United States District Court for the District of Maryland (Chasanow, J.) observed that petitioner "is serving sentences arising from two separate criminal cases"; that the habeas petition addressed in Civil Action No. 8:03-cv-00553 challenged "the 360 month sentence imposed on June 17, 2002, for possession with intent to distribute over 50 grams of cocaine base and being a felon in possession of a firearm, arising from pleas of guilty to those offenses"; and that "[p]etitioner is also serving a consecutive sentence of 360 months arising from his subsequent conviction for conspiracy to commit murder and other offenses in [Criminal Case No. 8:02-cr-00210]." The Court

1

July 18, 2007, petitioner filed the instant motion.

A district court may not entertain a §2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to §2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). The United States Court of Appeals for the Fourth Circuit has found that §2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to §2255 relief, such as the statute of limitations or the rule against successive petitions, does not render §2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

The claims petitioner now raises could have been addressed in a timely filed §2255 motion to test the legality of his confinement.[4, 5] Moreover, the petition does not indicate any respect in

---

denied the petition, finding that "[p]etitioner has failed to substantiate his claims that his plea was not knowing and voluntary or that he received ineffective representation by counsel."

[4] Section 2255 ¶6 lays out the following timeliness requirements for challenges to federal convictions:

A 1-year period of limitation shall apply to a §2255 motion under this section. The limitation period shall run from the latest of —
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[5] The court notes that §2255 motions must be brought in the court that imposed the sentence. See 28 U.S.C. §2255; see also Swain, 430 U.S. at 378. Therefore, this court does not have jurisdiction to address petitioner's pleading as a §2255 motion. This court could construe the petition as a §2255 motion and transfer it to the District of Maryland, where petitioner was sentenced. However, a §2255 motion in this case is clearly untimely. This court cannot find that transfer of a clearly untimely §2255 motion to the sentencing court furthers the interests of justice or judicial economy. Nor does plaintiff offer grounds for the application of equitable tolling. See U.S. v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000) (recognizing that §2255's limitation period is subject to equitable modifications such as tolling, but that petitioner must "adduce circumstances showing that he is entitled

2

which his case meets the standard under Jones so as to qualify for consideration under §2241. Petitioner does not point to any recent change of substantive law, and the court is unaware of any precedent making it legal to conspire to murder, to attempt to kill an officer of the United States government, or to solicit a crime. Accordingly, petitioner fails to meet the Jones standard to show that §2255 is inadequate to test the legality of his conviction, his claims cannot be addressed under §2241, and this petition must be dismissed.[6]

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 24th day of July, 2007.

*/s/ Jack Conrad*
United States District Judge

---

to the relief requested, that "these 'circumstances [are] external to the party's own conduct,' thus making it 'unconscionable to enforce the limitation period against the party,'" and that equitable tolling is an "extraordinary remedy," which is "sparingly granted" (citations omitted)). Accordingly, this court declines to transfer the motion.

The court further notes that it is not addressing the merits of petitioner's claim. Petitioner claims that the indictment failed to recite essential elements of one of the crimes of which he was charged. He cites United States v. Spruill, 118 F.3d 221, 227 (4th Cir. 1997) (holding, inter alia, that such failure was not harmless error). However, it is likely a significant distinction that the claims in Spruill were raised in a timely filed direct appeal. Id. at 224.

[6]The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

Case 7:07-cv-00355-GEC-mfu   Document 2-1   Filed 07/26/07   Page 3 of 3   Pageid#: 11