Way v. O'Brien                                                                                          Doc. 5

```
                                                        CLERK'S OFFICE U.S. DIST COURT
                                                             AT ROANOKE, VA
                                                                  FILED
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

AUG 0 2 2007

JOHN F. CORCORAN, CLERK
BY: /s/ J. Bush
       DEPUTY CLERK

| | |
|---|---|
| ALAN BEAVER WAY, 37282-037, )<br>A.K.A. ALAN LAVERTE WAY, )<br>    Petitioner, ) | Civil Action No. 7:07-cv-00355 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WARDEN TERRY O'BRIEN, ) | By: Hon. Glen E. Conrad |
|     Respondent. ) | United States District Judge |

This matter is before the court on petitioner's motion for reconsideration of this court's order entered July 26, 2007, dismissing his petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. Petitioner claims that this court improperly considered his petition as seeking review of his conviction in the United States District Court for the District of Maryland in Criminal Case No. 8:02-cr-00210.[1] Upon review of the motion, the court concludes that petitioner still fails to demonstrate entitlement to relief under §2241, and petitioner's motion for reconsideration will be denied.

Inasmuch as plaintiff contends that this petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, alleged that his other criminal conviction in the United States District Court for the District of Maryland, Criminal Case No. 8:02-cr-00048, was unconstitutional, the petition must still fail. That conviction was tested in Civil Action No. 8:03-cv-00553, which the United States District Court for the District of Maryland (Chasanow, J.) dismissed by memorandum opinion and order on March 30, 2006. In its memorandum opinion, the Court observed that the <u>habeas</u> petition addressed in Civil Action No. 8:03-cv-00553 challenged the conviction in Criminal Case No. 8:02-cr-00048, which resulted in "the 360 month sentence imposed on June 17, 2002, for possession with intent to distribute over 50 grams of cocaine base and being a felon in possession

---

[1] Way was sentenced to a term of imprisonment for 360 months, consecutive to other federal sentences, pursuant to his conviction of the following offenses: conspiring to murder (18 U.S.C. § 1117 (2000)), attempt to kill an officer of the United States government (18 U.S.C. § 1114 (2000)), and solicitation to commit a crime of violence (18 U.S.C. § 373 (2000)). See Criminal Case No. 8:02-cr-00210 (D. Md. October 20, 2003), affirmed by unpublished opinion in <u>United States v. Way</u>, 103 Fed. Appx. 716, 717 (4th Cir. Case No. 03-4845, July 14, 2004).

Dockets.Justia.com

of a firearm, arising from pleas of guilty to those offenses." The Court denied the petition, finding that "[p]etitioner has failed to substantiate his claims that his plea was not knowing and voluntary or that he received ineffective representation by counsel."

A district court may not entertain a §2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to §2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). The United States Court of Appeals for the Fourth Circuit has found that §2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to §2255 relief, such as the statute of limitations or the rule against successive petitions, does not render §2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

The claim petitioner now raises could have been addressed in a timely filed §2255 motion to test the legality of his confinement.[2] Moreover, the petition does not indicate any respect in which his case meets the standard under Jones so as to qualify for consideration under §2241. Petitioner does not point to any recent change of substantive law, and the court is unaware of any precedent

---

[2] The court notes that §2255 motions must be brought in the court that imposed the sentence. See 28 U.S.C. §2255; see also Swain, 430 U.S. at 378. Therefore, this court does not have jurisdiction to address petitioner's pleading as a §2255 motion. This court could construe the petition as a §2255 motion and transfer it to the District of Maryland, where petitioner was sentenced. However, a §2255 motion in this case is clearly successive. To file a second such motion in the district court, petitioner must receive pre-filing authorization from the appropriate court of appeals. See 28 U.S.C. §2255, ¶ 8. Where petitioner does not demonstrate that the court of appeals has issued him pre-filing authorization to submit a second or successive §2255 motion, the district court has no jurisdiction to consider the merits of his §2255 claims. Petitioner does not allege that he received pre-filing authorization from the United States Court of Appeals for the Fourth Circuit to file a successive §2255 motion. This court cannot find that transfer of a clearly successive §2255 motion to the sentencing court furthers the interests of justice or judicial economy. Accordingly, this court declines to transfer the motion.

The court further notes, as it did previously, that it is not addressing the merits of petitioner's claim. Petitioner claims that the indictment failed to recite essential elements of one of the crimes of which he was charged. He cites United States v. Spruill, 118 F.3d 221, 227 (4th Cir. 1997) (holding, inter alia, that such failure was not harmless error). It is likely a significant distinction that the claims in Spruill were raised in a timely filed direct appeal. Id. at 224.

making it legal to possess cocaine base with the intent to distribute it or to be a felon in possession of a firearm. Accordingly, petitioner fails to meet the <u>Jones</u> standard to show that §2255 is inadequate to test the legality of his conviction, his claims cannot be addressed under §2241, and the instant motion to reconsider the dismissal of the petition must be denied.[3]

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 2<sup>o</sup> day of August, 2007.

_____
United States District Judge

---

[3]The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).